IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                       :
ENRICO J. CIARROCCHI,                  :
                                       :
               Plaintiff,             :      Civil No. 09-2342 (RBK/AMD)
                                       :
               v.                     :      **OPINION**
                                       :
CELANO AND KRAMER,                     :
                                       :
             Defendant.               :
_____:

**KUGLER**, United States District Judge:

      Presently before the Court are the Complaint and a motion for summary judgment filed by Plaintiff Enrico J. Ciarrocchi ("Plaintiff") in his case against Defendant Celano and Kramer ("Defendant"). For the reasons expressed herein, the Court will order Plaintiff to amend his Complaint and will deny Plaintiff's motion for summary judgment.

**I.    BACKGROUND**

      On May 18, 2009, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendant violated his constitutional rights secured by the Fourteenth Amendment to the United States Constitution. Plaintiff vaguely describes his cause of action against Defendant, which appears to arise from a dispute surrounding child support payments.

      In Plaintiff's motion for summary judgment, he adds some detail to his allegations, representing that Defendant caused damages to Plaintiff with respect to a dispute between Plaintiff and his ex-wife. Plaintiff also alleges malpractice on the part of Defendant. In closing, Plaintiff seems to raise a claim of common law misrepresentation.

1

**II.     APPLICABLE LAW**

Federal Rule of Civil Procedure 8 outlines the requirements for proper pleading. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).  Although a plaintiff need not include detailed factual allegations in his complaint, a plaintiff's complaint must provide the grounds of his entitlement to relief beyond mere "labels and conclusions"; "a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).  The complaint must include enough factual allegations to "raise a right to relief above the speculative level ." Id.

Rule 8(a)(1) requires "a short and plain statement of the grounds for the court's jurisdiction."  Rule 8(a)(3) requires "a demand for the relief sought."  In addition, Rule 10(b) requires that all averments of claim "shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances."

Federal Rule of Civil Procedure 4(l)(1) requires that Plaintiff prove, by way of an affidavit, to the Court that proper service has been effected, according to the service requirements of Rules 4 and 5.

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the Plaintiff, even after Twombly.  See Erickson v. Pardus, 551 U.S. 89 (2007).  Moreover, a court should not dismiss a complaint with prejudice without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-11 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir.

2000).

### III. ANALYSIS

Plaintiff's Complaint does not include a short and plain statement of his claim against Defendant. The Complaint also fails to include a short and plain statement of the grounds for this Court's jurisdiction. Plaintiff's Complaint includes a description of Plaintiff's alleged damages, but does not include a demand for the relief Plaintiff seeks. By these omissions, the Court and the Defendant are left without sufficient knowledge of the details of this case. The Court is unable to fully assess the basis of its jurisdiction over the case, and the Defendant is without sufficient notice to defend the action. Furthermore, Plaintiff has not proven proper service on Defendant, so Defendant may be unaware of the pendency of this action. Plaintiff has thus failed to meet the requirements of Rules 8 and 10 and may have failed to meet the requirements of Rule 4. Accordingly, the Court will order that Plaintiffs file an Amended Complaint that complies with the Federal Rules of Civil Procedure.

Because the Complaint is unclear as to the specific claims at issue in this case, and because the motion for summary judgment makes those claims even less clear, the Court will deny the motion for summary judgment. The Court is unable to consider the questions of fact that may or may not be at issue with respect to Plaintiff's claims where the Complaint fails to properly plead any legal claim. Accordingly, the Court will deny Plaintiff's motion for summary judgment.

### IV. CONCLUSION

For the reasons expressed, the Court will order that Plaintiffs file an Amended Complaint which conforms to the pleading requirements set forth in the Federal Rules of Civil Procedure on

or before **August 14, 2009**, under pain of this Court dismissing this case for failure to properly plead. Also for the reasons expressed, Plaintiff's motion for summary judgment will be DENIED. An accompanying Order shall issue today.

Dated:   7-15-09                               /s/ Robert B. Kugler
                                               ROBERT B. KUGLER
                                               United States District Judge